# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PENSION FUND OF CEMENT MASONS UNION LOCAL NO. 502; CEMENT MASONS INSTITUTE LOCAL 502 WELFARE TRUST FUND; CEMENT MASONS LOCAL 502 AND PLASTERERS AREA 5 ANNUITY FUND; CEMENT MASONS LOCAL NO. 502 RETIREE WELFARE FUND; CEMENT MASONS' LOCAL UNION NO. 502 SAVINGS FUND; CEMENT MASONS UNION LOCAL NO. 502 APPRENTICESHIP AND TRAINING FUND; OPERATIVE PLASTERERS' & CEMENT MASONS' INTERNATIONAL ASSOCIATION (OPCMIA) NORTHERN ILLINOIS DISTRICT COUNCIL LABOR MANAGEMENT COOPERATION TRUST; and CEMENT MASONS' UNION LOCAL NO. 502 PLASTERERS AREA 5, | CASE NO.: <br><br> JUDGE: <br><br> MAG. JUDGE: |
| Plaintiffs, | |
| vs. | |
| RUANE CONSTRUCTION, INC., an Illinois corporation, and MARK RUANE, an individual, | |
| Defendants. | |

## COMPLAINT

NOW COME the Plaintiffs, the PENSION FUND OF CEMENT MASONS UNION LOCAL NO. 502, the CEMENT MASONS INSTITUTE, LOCAL 502 WELFARE TRUST FUND, the CEMENT MASONS LOCAL 502 AND PLASTERERS AREA 5 ANNUITY FUND, the CEMENT MASONS LOCAL NO. 502 RETIREE WELFARE FUND, the CEMENT MASONS' LOCAL UNION NO. 502 SAVINGS FUND, the CEMENT MASONS UNION LOCAL NO. 502 APPRENTICESHIP AND TRAINING FUND, the OPERATIVE PLASTERERS' & CEMENT MASONS' INTERNATIONAL ASSOCIATION (OPCMIA) NORTHERN ILLINOIS DISTRICT COUNCIL LABOR MANAGEMENT COOPERATION

TRUST, and the CEMENT MASONS' UNION LOCAL NO. 502 PLASTERERS AREA 5, complaining of Defendants, RUANE CONSTRUCTION, INC. and MARK RUANE, and in support, allege as follows:

## JURISDICTION AND VENUE

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of the Labor-Management Relations Act. (29 U.S.C. § 185). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. §§ 1132(e)(2) in that the PENSION FUND OF CEMENT MASONS UNION LOCAL NO. 502 ("Pension Fund"), the CEMENT MASONS INSTITUTE LOCAL 502 WELFARE TRUST FUND ("Welfare Fund"), the CEMENT MASONS LOCAL 502 AND PLASTERERS AREA 5 ANNUITY FUND ("Annuity Fund"), the CEMENT MASONS' LOCAL UNION NO. 502 SAVINGS FUND ("Savings Fund"), the CEMENT MASONS UNION LOCAL NO. 502 APPRENTICESHIP AND TRAINING FUND ("Training Fund"), and the CEMENT MASONS LOCAL NO. 502 RETIREE WELFARE FUND ("Retiree Welfare Fund") (collectively "Trust Funds") are administered at 739 25th Ave., Bellwood, Illinois 60104 and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

3. The Trust Funds receive contributions from numerous employers pursuant to the Collective Bargaining Agreements entered into between the CEMENT MASONS' UNION LOCAL

NO. 502 PLASTERERS AREA 5 ("Union") and the Concrete Contractors Association of Greater Chicago/Mid-America Regional Bargaining Association, and therefore are multiemployer plans under 29 U.S.C. § 1002(37)(A).

4. The OPERATIVE PLASTERERS' & CEMENT MASONS' INTERNATIONAL ASSOCIATION (OPCMIA) NORTHERN ILLINOIS DISTRICT COUNCIL LABOR MANAGEMENT COOPERATION TRUST ("LMCC") is a labor management cooperation committee that is administered in Bellwood, Illinois.

5. Pursuant to Sections 502(a)(3) and 515 of ERISA (29 U.S.C. §§ 1132 and 1145), the Trust Funds and the LMCC are authorized to bring this action on behalf of their participants and beneficiaries for the purpose of collecting unpaid contributions.

6. The Union is the bargaining representative of RUANE CONSTRUCTION, INC. ("Ruane Construction")'s cement mason employees.

7. Defendant Ruane Construction is an Illinois corporation with its principal place of business in Naperville, Illinois.

8. Defendant MARK RUANE ("Mark") is the President and sole shareholder of Ruane Construction.

## COUNT 1
## BREACH OF CONTRACT – DEFENDANT RUANE CONSTRUCTION

9. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-8 of this Complaint with the same force and effect as if fully set forth herein.

10. Ruane Construction entered into a Memorandum of Agreement with the Union. (A copy of the Memorandum of Agreement is attached as **Exhibit 1**).

11. Through the Memorandum of Agreement, Ruane Construction recognized the Union as the exclusive majority representative of its cement mason employees pursuant to Section 9(a) of the Labor-Management Relations Act (29 U.S.C. § 159). (**Exhibit 1**).

12. Through the Memorandum of Agreement, Ruane Construction also became bound to the Collective Bargaining Agreement ("CBA") between the Union and the Concrete Contractors Association of Greater Chicago in effect during the period of June 1, 2021, through May 31, 2026. (A copy of the CBA is attached as **Exhibit 2**).

13. Through the CBA and Memorandum of Agreement, Ruane Construction agreed to be bound by the provisions of the Agreements and Declarations of Trust which created the Trust Funds (hereinafter referred to as the "Trust Agreements"). (**Exhibits 1-2**).

14. Pursuant to the provisions of the CBA, Memorandum of Agreement, and Trust Agreements, Ruane Construction is required to report hours worked by its cement mason employees on a monthly basis and pay contributions to the Trust Funds and LMCC for each hour that a cement mason employee performs any work at the negotiated rate set forth in the CBA as designated by the Union. (**Exhibits 1-2**); (A copy of the Wage and Benefit Rate Notice identifying the wage and benefit rates for the period of June 1, 2024 through May 31, 2025 is attached as **Exhibit 3**); (A copy of the Wage and Benefit Rate Notice identifying the wage and benefit rates for the period of June 1, 2025 through May 31, 2026 is attached as **Exhibit 4**).

15. Pursuant to the CBA and properly executed check-off cards, Ruane Construction is required to deduct dues and other wage assessments ($3.77 per hour from June 1, 2024 through May 31, 2025, and $3.88 per hour from June 1, 2025 through May 31, 2026) from its cement mason employees' wages and transmit the dues to the Union. (**Exhibits 2-4**).

16. Pursuant to the CBA, Ruane Construction is required to report all hours, pay contributions and transmit dues on or before the 15th day of the calendar month following the calendar month during which the work was performed. (**Exhibit 2**).

17. Pursuant to Section 502(g)(2) of ERISA (29 U.S.C. § 1132(g)(2)) and the provisions of the CBA and Trust Agreements, employers who fail to pay contributions to the Trust Funds and the LMCC, and transmit dues to the Union on a timely basis are responsible for the payment of liquidated damages equal to fifteen percent (15%) of the amount unpaid, plus any reasonable attorneys' fees and costs of maintaining suit, as well as any auditor fees incurred. (**Exhibit 2**).

18. Ruane Construction has failed to remit payment of contributions to the Trust Funds and the LMCC, and transmit dues to the Union, for the period of March 2025 through November 2025 in the aggregate amount of $77,487.36, which is itemized as follows:

| Month: | Contributions/Dues: |
|---|---|
| Mar. 2025 | $7,935.14 |
| Apr. 2025 | $7,687.09 |
| May 2025 | $8,518.65 |
| Jun. 2025 | $8,159.32 |
| Jul. 2025 | $7,899.32 |
| Aug. 2025 | $10,876.32 |
| Sep. 2025 | $7,772.60 |
| Oct. 2025 | $10,779.64 |
| Nov. 2025 | $7,859.28 |
| **Total:** | **$77,487.36** |

19. As a result of Ruane Construction's failure to timely remit payment of contributions and transmit dues for the period of March 2025 through November 2025, Ruane Construction owes the Trust Funds, LMCC, and the Union liquidated damages in the aggregate amount of $11,623.10, which is itemized as follows:

| Month: | Liquidated Damages: |
|---|---|
| Mar. 2025 | $1,190.27 |
| Apr. 2025 | $1,153.06 |
| May-25 | $1,277.80 |
| Jun. 2025 | $1,223.90 |
| Jul. 2025 | $1,184.90 |
| Aug. 2025 | $1,631.45 |
| Sep. 2025 | $1,165.89 |
| Oct. 2025 | $1,616.95 |
| Nov. 2025 | $1,178.89 |
| Total: | **$11,623.10** |

20. Ruane Construction has an ongoing obligation under the CBA and Trust Agreements to pay contributions and transmit dues on behalf of its cement mason employees; accordingly, additional contributions, dues, and liquidated damages may become due and owing.

21. Plaintiffs have been required to employ the undersigned counsel to collect the monies that are due and owing from Ruane Construction.

22. Ruane Construction is obligated to pay the reasonable attorneys' fees and court costs incurred by Plaintiffs pursuant to the CBA, Memorandum of Agreement, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request:

A. That Judgment be entered in favor of Plaintiffs and against Defendant Ruane Construction in the amount of $77,487.36 for contributions and dues owed for the period of March 2025 through November 2025;

B. That Judgment be entered in favor of Plaintiffs and against Defendant Ruane Construction in the amount of $11,623.10 for liquidated damages resulting from the late payment of contributions and dues owed for the period of March 2025 through November 2025;

C.     That Judgment be entered in favor of Plaintiffs and against Defendant Ruane Construction for any and all other contributions, dues, and liquidated damages found to be due and owing in addition to those referenced in Paragraphs A and B above;

D.     That Defendant Ruane Construction be ordered to pay the reasonable attorneys' fees and costs incurred by the Plaintiffs pursuant to the CBA, Memorandum of Agreement, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D); and

E.     That Plaintiffs have such other and further relief as the Court may deem just and equitable all at the Defendant Ruane Construction's cost pursuant to 29 U.S.C. § 1132(g)(2)(E).

## COUNT II
## BREACH OF FIDUCIARY DUTY – DEFENDANT MARK RUANE

23. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-22 of this Complaint with the same force and effect as if fully set forth herein.

24. Pursuant to the CBA, Ruane Construction is required to deduct $5.00 from its cement mason employees' wages for each hour worked (hereinafter referred to as "Savings Fund Deductions") and remit it to the Savings Fund. (**Exhibits 2-4**).

25. The Savings Fund is an employee benefit plan administered by its Board of Trustees, which is governed by ERISA.

26. Section 2510.3-102(a)(1) of the Department of Labor's Regulations defines a plan asset as "amounts that a participant has withheld from his wages by an employer, for contribution or repayment of a participant loan to the plan, as of the earliest date on which such contributions or repayments can reasonably be segregated from the employer's general assets."  (29 C.F.R. § 2510.3-102(a)(1)).

27. Section 3 of ERISA provides that "a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management

of such plan or exercises any authority or control respecting management or disposition of its assets . . ." (29 U.S.C. § 1002(21)(A)).

28. Section 404(a)(1) of ERISA requires that a fiduciary act "for the exclusive purpose of providing benefits to the participants and beneficiaries" and act "with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." (29 U.S.C. § 1104(a)(1)).

29. Mark oversees the finances for Ruane Construction and decides when Ruane Construction makes payment and to whom it makes payment.

30. As the President of Ruane Construction, Mark withheld $7,285.00 from Ruane Construction's cement masons employees' paychecks as Savings Fund Deductions during the months of March 2025 through November 2025, as itemized below:

| Month: | Hours: | Savings Fund Deductions: |
|---|---:|---:|
| Mar. 2025 | 149.00 | $745.00 |
| Apr. 2025 | 145.00 | $725.00 |
| May 2025 | 160.00 | $800.00 |
| Jun. 2025 | 153.00 | $765.00 |
| Jul. 2025 | 149.00 | $745.00 |
| Aug. 2025 | 204.00 | $1,020.00 |
| Sep. 2025 | 146.00 | $730.00 |
| Oct. 2025 | 203.00 | $1,015.00 |
| Nov. 2025 | 148.00 | $740.00 |
| **Totals:** | **1,457** | **$7,285.00** |

31. The withheld Savings Fund Deductions became plan assets on the day they became due and owing to the Savings Fund, the 15th day of the calendar month following the calendar month during which the work was performed. (**Exhibits 3 & 4**).

32. Consequently, Mark became a plan fiduciary when he failed to remit timely payment of the Savings Fund Deductions, as he exercised discretionary authority and control over plan

assets.

33. As a result of his failure to remit timely payment of the Savings Fund Deductions, Mark breached his fiduciary duty to the Savings Fund, as he failed to act for the exclusive purpose of providing benefits to the participants when he failed to remit timely payment of the Savings Fund Deductions.

34. Mark also failed to act with the requisite care, skill, prudence, and diligence imposed upon him by ERISA when he failed to remit timely payment of the Savings Fund Deductions to the Savings Fund.

35. The Savings Fund has been required to employ the undersigned attorneys to collect the monies that are due and owing from Mark.

36. The Savings Fund has complied with all conditions precedent in bringing this suit.

37. Mark is obligated to pay the reasonable attorneys' fees and court costs incurred by the Savings Fund pursuant to the CBA, Trust Agreements and 29 U.S.C. § 1132(g).

**WHEREFORE,** the Savings Fund respectfully requests:

A. That Judgment be entered in favor of the Savings Fund and against Defendant Mark in the amount of $7,285.00 for unpaid Savings Fund Deductions owed for the period of March 2025 through November 2025;

B. That Judgment be entered in favor of the Savings Fund and against Defendant Mark for all liquidated damages found to be due and owing for Savings Fund Deductions for the period of March 2025 through November 2025;

C. That Judgment be entered in favor of Plaintiffs and against Defendant Mark for all unpaid Savings Fund Deductions, along with the resulting liquidated damages, that are found to be due and owing in addition to the amounts referenced in paragraphs A and B above;

D. That Defendant Mark be ordered to pay reasonable attorneys' fees and costs incurred by the Plaintiffs pursuant to the CBA, Trust Agreements, and 29 U.S.C. §1132(g); and

E. That Plaintiffs have such other relief and further relief as the Court may deem just and equitable all at Defendant Mark's cost, pursuant to 29 U.S.C. § 1132(g)(2)(E).

Respectfully Submitted,

**PENSION FUND OF CEMENT MASONS UNION LOCAL UNION NO. 502** *et al.*

/s/ Spencer J. Garner – 6349089
*One of Plaintiffs' Attorneys*
JOHNSON & KROL, LLC
311 South Wacker Drive, Suite 1050
Chicago, Illinois 60606
(312) 320-9420
garner@johnsonkrol.com